UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ING BANK FSB, | Case No.: C 12-05402 PSG |
| Plaintiff, | **ORDER REASSIGNING CASE TO A U.S. DISTRICT JUDGE; REPORT AND RECOMMENDATION** |
| v. | |
| JOSE LUIS MEDINA, | **(Re: Docket No. 3)** |
| Defendant. | |

Defendant Jose Luis Medina ("Medina") proceeding *pro se* applies to proceed in forma pauperis. Having reviewed the papers,

IT IS HEREBY ORDERED that the case be reassigned to a District Judge with the recommendation that the IFP be denied.[1]

---

[1] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. §636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. §636(b)(1)(A). *See Nasca v. Peoplesoft,* 160 F.3d 578, 580 n. 3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. §636(b)."). It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter. *See, e.g., In re U.S. Healthcare,* 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. §636(b)(1)(A)). Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

1   IT IS FURTHER RECOMMENDED that the case be remanded to state court based on lack

2   of subject matter or diversity jurisdiction.

3   Granting or refusing permission to proceed in forma pauperis is a matter within the sound

4   discretion of the trial court.[2] It is the court's duty to examine any IFP application "to determine

5   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

6   the court is bound to deny a motion seeking leave to proceed in forma pauperis."[3] Moreover, a

7   federal court must dismiss a case such as this if the court determines that the case is: (1) frivolous;

8   (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a

9   defendant who is immune from such relief.[4]

10  Here, Medina's removal of Plaintiff ING Bank FSB's ("ING") unlawful detainer action to

11  federal court lacks merit because this court has neither subject matter nor diversity jurisdiction over

12  Medina's claims. It is well-settled that federal courts do not have federal question jurisdiction over

13  unlawful detainer actions, where federal law does not create the cause of action and Medina's right

14  to relief does not depend on a resolution of a question of federal law.[5] Although Medina alleges a

15  violation of the federal MHA program and a deprivation of equal protection by a state actor,

16  "removability cannot be created by defendant pleading a counter-claim presenting a federal

17  question."[6] Because the complaint on its face presents no federal question, and federal jurisdiction

18  cannot be bootstrapped by the pleading of a defense or counterclaim, the court finds that the

19  unlawful detainer action must be remanded to determination by the state court. The court further

---

[2] *See Shobe v. People of State of California,* 362 F.2d 545, 545 (9th Cir. 1966).

[3] *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965).

[4] *See* 28 U.S.C. §1915(e)(2).

[5] *See, e.g., Eden Housing Mgmt., Inc. v. Muhammad,* No. C 07-4325 SBA, 2007 U.S. Dist. LEXIS 90294, 2007 WL 4219397, at *2-3 (no federal question on the face of unlawful detainer complaint); *Oritz,* 2008 U.S. Dist. LEXIS 86925, 2008 WL 4771932, at *1.

[6] *See Eden Housing Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 90294, 2007 WL 4219397, at *2 (quoting *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir. 1985) (citations omitted)). *See also Citibank N.A. v. Ortiz,* No. 08-cv-1301 LAB, 2008 U.S. Dist. LEXIS 86925, 2008 WL 4771932, at *1 (S.D. Cal. Oct. 28, 2008) ("Neither allegations or affirmative defenses in an Answer not in the petition for removal can create federal jurisdiction.") (quoting *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

2
Case No.: C 12-05402 PSG
ORDER

1    finds no diversity jurisdiction based on ING's unlawful detainer action, which was filed in the
2    superior court as a case of "limited civil jurisdiction" amounting to less than $10,000 in
3    controversy.
4         In sum, the undersigned finds that there is no basis for jurisdiction over ING's unlawful
5    detainer action in this court and therefore no basis on which to grant Medina's IFP application.
6    **IT IS SO ORDERED.**
7    Dated:  11/2/2012

                                                                   _____
                                                                   PAUL S. GREWAL
                                                                   United States Magistrate Judge

Case No.: C 12-05402 PSG
ORDER